IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE AMERICAN AUTOMOBILE ASSOCIATION, INC., | |
| Plaintiff, | CIV. NO. S-08-2878 GEB GGH |
| vs. | |
| HCM BROTHERS, INC. d/b/a CEDAR INN & SUITES, and FU SHEN HSIAO, | FINDINGS AND RECOMMENDATIONS |
| Defendants. _____/ | |

Plaintiff's motion for entry of default judgment against defendants HCM Brothers, Inc. d/b/a Cedar Inn & Suites ("HCM"), and Fu Shen Hsiao, filed April 30, 2009, was submitted on the record. Local Rule 78-230(h). Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

On November 26, 2008, plaintiff filed the underlying complaint in this action against defendants, alleging that defendants displayed the trademarks of the American Automobile Association, Inc. ("AAA") on the premises of the Cedar Inn & Suites motel without authorization. Claims are for trademark infringement (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), trademark dilution (15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

1  14247, and common law), and unfair competition (Cal. Bus. & Prof. Code § 17200).  The
2  summons and complaint were personally served on defendant HCM by personal service on Chih
3  Chung Hsiao, agent for service of process, on December 9, 2008.  Defendant Fu Shen Hsiao was
4  personally served on December 9, 2008.  Fed. R. Civ. P. 4(e)(2).  Pacific Atlantic Trading Co. v.
5  M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without
6  personal jurisdiction).  Defendants have failed to file an answer or otherwise appear in this
7  action.  On February 25, 2009, the clerk entered default against defendants HCM and Hsiao.
8       Notice of the request for entry of default and the instant motion for default
9  judgment and supporting papers were served by mail on defendants at their last known address.
10  Defendants filed no opposition to the motion for entry of default judgment.  Plaintiff seeks an
11  entry of default judgment against defendants jointly and severally in the amount of $12,796.35,
12  as well as a permanent injunction.
13  DISCUSSION
14       Entry of default effects an admission of all well-pleaded allegations of the
15  complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.
16  1977).  The court finds the well pleaded allegations of the complaint state a claim for which
17  relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The
18  memorandum of points and authorities and affidavits filed in support of the motion for entry of
19  default judgment also support the finding that plaintiff is entitled to the relief requested.  There
20  are no policy considerations which preclude the entry of default judgment of the type requested.
21  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).
22       After determining that entry of default judgment is warranted, the court must next
23  determine the terms of the judgment.  Plaintiff seeks $12,796.35 which is comprised of $777.85
24  in costs and $12,018.50 in fees.  The sum of $777.85 consists of the filing fee, costs for service
25  of process, scanning and duplicating of papers, all of which the court finds to be appropriate.
26  The amount of $93.50 in mileage costs for travel to and from the courthouse for hearing is no

longer warranted, however, as the hearing was vacated. Therefore, costs will be reduced by this amount.

The amount requested for attorneys' fees appears reasonable, but will be reduced for fees expected to be incurred in attending the hearing, which was vacated. Therefore, fees will be reduced by $920. Therefore, the total amount of fees and costs awarded is $11,782.85.

The injunctive relief requested is reasonable and specifically tailored. Plaintiff seeks to permanently enjoin defendants from using AAA's trademarks or similar designations without its authorization. Plaintiff also seeks an order requiring defendants to destroy all items in their possession which contain the AAA designation or similar designations, within five days of final judgment. Also requested is an order requiring defendants to file and serve a statement within thirty days of judgment, stating under oath the manner in which defendants have complied with the injunction. Finally, plaintiff requests that this court retain jurisdiction over this action for five years to supervise compliance with the terms of the injunction. This term is unnecessary. The injunction is an order of the court, and this court retains jurisdiction to enforce its orders. The situation is quite different from that of a settlement where a dismissal is entered, and the court must expressly retain jurisdiction to enforce the terms of settlement. This court will recommend that plaintiff's request for injunctive relief be granted in accordance with terms set forth in plaintiff's proposed judgment, as modified herein.

CONCLUSION

In view of the foregoing findings, it is the recommendation of this court that:

1. Plaintiffs' motion for entry of default judgment be GRANTED in the amount of $11,782.85.

2. Injunctive relief be granted as specified in plaintiff's proposed judgment which is approved as to form and substance.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 09/02/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076/AAA2878.def.wpd